

# Memorandum

**To:**  Honorable George A. O'Toole, U.S. District Judge

**From:** Maria D'Addieco, USPO

**Date:** December 22, 2016

**Re:**  FERGUSON, Norman Dkt. #07-CR-10314
**Request to Withdraw Petition and Affidavit for a Warrant or Summons for Offender Under Supervision**

---

On October 20, 2015, the defendant appeared before Magistrate Judge M. Page Kelley and made his Initial Appearance on the following alleged violations of his supervised release conditions:

I  **Violation of Special Condition:** The defendant shall not commit another local, state, or federal crime.

Per an MBTA Transit Police Department report, on May 16, 2015, an officer inside a substation heard a party yelling threats towards another party including statements of "getting my 40 cal." —The officer observed a male, later identified as Norman Ferguson, walking towards another male, identified as Troy Stewart. The officer observed Mr. Ferguson with a black folding knife, that appeared to be extended in his right hand, clutched against his lower abdomen, while aggressively yelling in Mr. Stewart's face. Mr. Stewart observed the officer coming out of the booth and informed Mr. Ferguson of the officer's presence attempting to calm him down, and Mr. Ferguson put his knife in his right pants' pocket and backed away from Mr. Stewart.

As officers approached Mr. Ferguson, he immediately pulled up his shirt and stated that he did not have a firearm. A pat frisk of Mr. Ferguson revealed a Smith & Wesson folding knife, with an approximate our-inch blade, located in his right front pocket. Mr. Stewart stated that Mr. Ferguson called him a "bitch" and a nigga" and told him that he had firearms charges and that he was going to teach Mr. Stewart a lesson. Due to the officer observing Mr. Ferguson acting as an aggressor, Mr. Ferguson was placed under arrest.

1

On the following day, Mr. Ferguson was arraigned in Dorchester District Court and charged with Assault with a Dangerous Weapon. He was released on $100 bail.

**II** **Violation of Standard Condition: The defendant shall not possess a firearm, ammunition, destructive device, or other dangerous weapon.**

Per an MBTA Transit Police Department report, on May 16, 2015, Mr. Ferguson was in possession of a Smith & Wesson folding knife.

**III** **Violation of Standard Condition: The defendant shall not commit another local, state, or federal crime.**

Per a Randolph Police Department arrest report, on June 17, 2015, officers responded to 79 Bridle Path Circle for a report of a female screaming "get off of me." Officers proceeded to apartment 836, Norman Ferguson's residence. From the hallway, officers heard a male voice from inside the apartment stating "get out of my crib" twice. The male voice then asked a female where his $30 was and then stated once more, "get out of my crib," and also stated "watch you're going to regret this." The officers then knocked on the door and Norman Ferguson opened it. Mr. Ferguson advised that he and his girlfriend, Jadea Simmons, had been arguing all day. He was unable to identify why they were arguing but stated that "she's been talking shit all day." The officer asked Mr. Ferguson if it got physical and Mr. Ferguson demonstrated his back, where he claimed Ms. Simmons had scratched him. The officers were unable to identify any marks on Mr. Ferguson. While speaking with the officer, Mr. Ferguson received a call on his cell phone which he claimed was the 9-1-1 operator calling him back, as he had previously tried to contact 9-1-1. The officer was unable to verify if the call was in fact from a 9-1-1 dispatcher.

Ms. Simmons was interviewed by another officer and she advised that she and Mr. Ferguson had been arguing all day, but what got Mr. Ferguson really upset and made things get out of hand is that Mr. Ferguson asked her to cook him breakfast at 1:45 a.m., to which she refused. Ms. Simmons stated that Mr. Ferguson became argumentative and very loud, so she left the kitchen and made her way into the bedroom. She advised that Mr. Ferguson grabbed her by the hair and was tossing her back and forth, so she began to defend herself the best she could. Ms. Simmons advised that Mr. Ferguson grabbed her hair and pinned her to the ground until she stopped defending herself. The officer questioned Ms. Simmons about why she did not leave the apartment when Mr. Ferguson asked her to do so several times. She stated that she did not want to leave her belongings behind. Ms. Simmons denied the need for medical attention and was advised of her 209A right. It was noted that neither party had any visible marks or bruises.

Mr. Ferguson was subsequently arrested and charged in Quincy District Court with Assault and Battery on a Family/Household Member and was arraigned

the same day. Per the Quincy District Court Criminal Clerk, Mr. Ferguson was ordered detained on $10,000 bail.

With respect to Violation Numbers I and II, on March 17, 2016, all charges filed against Mr. Ferguson were dismissed in Dorchester District Court. With respect to Violation Number III, all charges filed against Mr. Ferguson were dismissed on September 2, 2016, in Quincy District Court. Despite the outcome of Mr. Ferguson's state cases, the Probation Office and the government evaluated the evidence on which the pending violations were based and determined that although Mr. Ferguson's conduct was concerning, there was insufficient evidence to pursue a violation of supervised release. Given that Mr. Ferguson has continued his term of supervised release without incident and was scheduled to complete his term of supervised release on December 24, 2016, the Probation Office respectfully requests that the previously filed Violation Petition be withdrawn. The Government concurs with this request.

If Your Honor concurs, please note below.

THE COURT ORDERS

[ ] No Action –Violation Petition Remains Active

[X] Approved- Violation Petition Ordered Withdrawn

[ ] Other

_____
Honorable George A. O'Toole
U.S. District Judge

_____12/29/16_____
Date